## WERTHEIMER *v.* SCHUSTER.

*(Supreme Court, General Term, Fifth Department.* April 13, 1892.)

1. ASSOCIATIONS—EXPULSION OF MEMBERS—REINSTATEMENT.

Plaintiff was a member of an association, one of the articles of which contained a provision for certain assessments, and provided that a failure to pay the same within 30 days from their date would work a forfeiture of all previous payments and all interest in the company. Plaintiff became in arrears for non-payment of assessments, and the company, by resolution, extended the time for payment. During the period of such extension, plaintiff, by her agent, tendered the amount due the association, but it refused to receive the same, and subsequently expelled her. *Held,* that plaintiff was entitled to be restored to membership on payment of her back assessments.

2. SAME—COSTS.

Whether plaintiff, as a condition of such restoration, should have been required to pay the costs of the case to the time of trial, rested in the discretion of the trial judge.

Appeal from special term, Erie county.

Action by Clara Wertheimer against Louis Schuster, as president of the Arthur Avenue Land Company, to restore plaintiff to membership in said company. From a judgment for plaintiff at special term, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Tracy C. Becker,* for appellant. *Moses Shire,* for respondent.

MACOMBER, J. The plaintiff was one of 10 persons who, on the 30th day of January, 1887, associated themselves together by written articles of agreement for the purpose of purchasing a tract of land, laying the same out into lots, and improving them for sale. The articles of association contained a provision that for certain purposes assessments might be made upon the individual members of the association, and that they should be payable to the treasurer within 30 days from the date of such assessment, and that a failure to pay the same would work a forfeiture to the company of all previous payments made thereon, and all interests in the company. The evidence showed, and such also was the finding of the court, that such an assessment, amounting to $1.50 per week upon each member, was ordered at a regular meeting of the association held June 21, 1888, at which meeting the plaintiff was duly represented by her authorized agent, Isaac Wertheimer. For more than 30 days the plaintiff failed to pay any of the assessments provided for by this resolution or ordinance, though she was notified of the passage of the same and of the penalties for a non-compliance therewith. If this were the whole of the case, it would be apparent that no recovery could have been had by the plaintiff. But evidence was adduced, to the effect that, while the plaintiff was still in arrears for the non-payment of the assessment, the defendant, on the 4th day of October, 1888, passed a resolution extending her time for 30 days to pay such assessment, and that other resolutions of like character were passed covering the time of the tenders made by the plaintiff hereinafter mentioned; and that during the period of such extension, the plaintiff, by her agent, tendered the amount due to the association; and that the defendant refused to receive the same, but, on the contrary, passed a resolution on the day of, but after, the last tender, expelling the plaintiff, and forfeiting her rights. The learned justice has found in his eighth conclusion of fact that two tenders of the amount due from the plaintiff to such association were made,— one on the 17th day of January, 1889, and the other on the 31st day of January, 1889,—and that the resolution expelling the plaintiff from the association and forfeiting her shares therein was not passed until after the tender was made by the plaintiff's agent on the 31st day of January, 1889. If this conclusion of the trial court be correct, it would seem to be a plain proposition that the conclusion of law adduced thereon was a necessary corollary to

the fact. An examination of the testimony convinces us that this conclusion was fully sustained by direct, positive, though by no means undisputed, testimony. The witness Shriver testified that he had known that Wertheimer had been paying for about two years upon assessments made by the company, and that he had found out that payments on the share held by the plaintiff had been neglected; therefore he went to see the plaintiff, under information, which he had received from the officers of the company, that the owner of the stock would soon thereafter be turned out for such non-payment. He met the plaintiff on the street subsequently, and at another meeting of the company the name of Mrs. Wertheimer was omitted in the calling of the list, and thereupon Shriver arose, and said he had got the money for the Wertheimer claim, and notified the company that he had bought it. He was informed that he had no right to do it, and the company refused to take the money. Up to this time no action had been taken expelling Mrs. Wertheimer. The plaintiff, on being informed that Shriver could not hold her interest, took other steps for her protection, and at the next meeting of the company a tender of money was made by Shriver in the name of and for the benefit of Mrs. Wertheimer. It was refused, upon the ground that she was barred out. As we understand the facts of the case, both of these tenders— the one made by Shriver while he held an assignment from the plaintiff, and the other made at a subsequent meeting in behalf of the plaintiff herself— were made during the period covered by the resolution of the company which permitted the plaintiff to pay in the amount of her unpaid assessments, and thus prevent the forfeiture which, by the terms of the articles of association, had been wrought in her case. Upon this fact we think that the conclusion of the trial justice in restoring the plaintiff to membership upon the payment of her back assessments was correct, and should be affirmed.

An especial point is made in respect to the question of costs, it being contended by the learned counsel for the appellant that there should have been imposed, as a condition of such restoration, the payment of the costs of the case to the time of the trial. But we think that that question rested in the discretion of the learned justice, and we see no reason for differing from him in that particular. It follows that the judgment appealed from should be affirmed. Judgment appealed from affirmed, with costs.